UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SELINA MILLER,**

    **Plaintiff,**

                                                    Civil Action 2:11-cv-00211
v.                                                Judge Algenon L. Marbley
                                                Magistrate Judge E.A. Preston Deavers

**SUPREME COURT OF OHIO,** *et al.*,

    **Defendant.**

### REPORT AND RECOMMENDATION

Plaintiff, who apparently resides in Ohio, brings this action against the Supreme Court of Ohio, several Ohio administrative agencies, and various state employees. Plaintiff, who is proceeding *pro se*, attempts to bring claims for racial, gender, and religious discrimination, in addition to claims for defamation and other state law torts. This matter is currently before the Court on an initial screen pursuant to 28 U.S.C. § 1915(e) as well as a screen pursuant to this Court's previous Order designating Plaintiff as a vexatious litigant. *See Selina R. Miller v. Ohio Board of Regents, et. al.*, Case No. C-01-550 (S.D. Ohio 2003) (ECF No. 26) (Marbley, J.). For the reasons described below, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's purported federal causes of action for failure to state a claim.[1] Additionally, it is **RECOMMENDED** that the Court **DECLINE** to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and that the Court **DISMISS** these claims pursuant to 28 U.S.C. § 1367(c)(3) without prejudice.

---

[1] Plaintiff does not actually contend that she brings any of her claims under federal law, but she does maintain that her action is before the Court on federal question jurisdiction. (ECF No. 1.)

In her Complaint, Plaintiff attempts to bring claims for religious, gender, and racial "discrimination and conspiracy" as well as claims for defamation and invasion of privacy. (Compl. ¶ 2, ECF No. 2.)  Plaintiff maintains that Defendants' actions resulted in damages to her safety and reputation.  (*Id.* at ¶ 1.)  Plaintiff's allegations are vague, conclusory, and generally difficult to follow.  Nevertheless, the focus of Plaintiff allegations appears to be that Defendants have made a variety of defamatory statements.  She partially bases her defamation claims on a "Security Alert," which Plaintiff filed separately from her Complaint, from the Ohio Attorney General's Office identifying her as a potential security threat and indicating that she had been disruptive in the past.  (*See* ECF No. 7 at 5.)

Pursuant to 28 U.S.C. § 1915(e):

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

\*     \*     \*

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted;

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Accordingly, § 1915(e) requires the Court to dismiss an action *sua sponte* under various circumstances including when the complaint fails to state a claim.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)).  Although this pleading standard does not require

2

"'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  In considering whether a complaint satisfies these pleading standards, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  Additionally, the Court must construe *pro se* complaints liberally.  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 129 S.Ct. at 1949.

In this case, the undersigned finds that Plaintiff's Complaint fails to state any federal claims.  As indicated above, Plaintiff's Complaint is comprised mainly of vague and conclusory allegations.  Although Plaintiff does not identify the source of law under which she brings each of her claims, it appears that she is attempting to raise federal claims for religious, gender, and racial discrimination.  (Compl. ¶ 2, ECF No. 2.)  Regardless of the federal authority under which Plaintiff attempts to bring these discrimination claims, because of the lack of any factual support, they ultimately fail.  More to the point, Plaintiff has provided no facts within her Complaint indicating that Defendants' alleged actions were motivated in any manner by Plaintiff's race, religion, or gender.  *See Miller v. Attorney General State of Ohio*, No. 04-3393 (6th Cir. Dec. 16, 2004) (noting, in an earlier case, that this same Plaintiff's "complaint does not allege that defendants took any adverse action against Miller because of her religion, gender, or race.").

Her Complaint does not even go as far as identifying her religion or race.

Plaintiff's Complaint also makes conclusory assertions that Defendants have invaded her privacy.  (Compl. ¶ 2, ECF No. 2.)  Nevertheless, Plaintiff's allegations lack the necessary specificity as to whether Defendants have deprived her of a constitutionally protected privacy right.  *See Wilson v. Collins*, 517 F.3d 421, 429 (6th Cir. 2008) ("Whereas some other circuits have recognized the existence of a constitutional right of privacy in various types of confidential information . . . the Sixth Circuit has held that the Constitution does not encompass a general right to nondisclosure of private information.").  Accordingly, even assuming that Defendants are not immune from Plaintiff's claims, she has failed to state any federal causes of action.

Rather than developing any of her federal claims,[2] the allegations within Plaintiff's Complaint focus on her state law defamation claims.[3]  Even assuming Plaintiff has successfully pled state law claims, this Court should decline to exercise supplemental jurisdiction.  Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction."  The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well ."  *Brooks v. Rothe*, 577 F.3d 701, 709 (6th

---

[2] Although Plaintiff does not label her claims for defamation as state law claims, the undersigned finds nothing to in the record that could possibly recast Plaintiff's allegations from the context of "a classical claim for defamation . . . ."  *See Paul*, 424 U.S. at 697, 711–14 (1976) (holding that a plaintiff, who attempted to bring a 42 U.S.C. § 1983 claim for damage to his reputation when police posted a flyer labeling him a shoplifter, did not rise to the level of a 42 U.S.C. § 1983 claim for constitutional violations).  Furthermore, although Plaintiff facially alleges damages to the safety of her family members and herself, she provides no factual support to these allegations.  (*See* Compl. ¶¶ 1, 22–23.)

[3] Construed liberally, Plaintiff's Complaint may also bring state law tort claims for intentional infliction of emotional distress and invasion of privacy.

Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003)) (internal quotations omitted).  In this case, there is no indication that the parties are diverse.  Moreover, for the reasons described above, the Court should dismiss any potential federal causes of action for failure to state a claim pursuant to the Court's initial screen.  Under these circumstances, the Court should also decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

For the above reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's purported federal causes of action for failure to state a claim.  Moreover, the undersigned **RECOMMENDS** that the Court **DECLINE** to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and that the Court **DISMISS** these claims without prejudice.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: May 3, 2011                                                       /s/ *Elizabeth A. Preston Deavers*
                                                                                           Elizabeth A. Preston Deavers
                                                                                          United States Magistrate Judge