UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SELINA MILLER,**

    **Plaintiff,**

**v.**
                    **Civil Action 2:11-cv-00211**
                    **Judge Algenon L. Marbley**
                    **Magistrate Judge E.A. Preston Deavers**

**SUPREME COURT OF OHIO,** *et al.***,**

    **Defendants.**

## ORDER

Plaintiff Selina Miller, who is proceeding *pro se*, brings this action against Defendants on a variety of claims including discrimination and defamation.  This matter is before the Court for consideration of the Report and Recommendation of the Magistrate Judge, who conducted an initial screen pursuant to 28 U.S.C. § 1915(e) as well as this Court's prior Order declaring Plaintiff to be a vexatious litigant.  *Selina R. Miller v. Ohio Board of Regents, et. al.*, Case No. C-01-550 (S.D. Ohio 2003) (ECF No. 26).  Pursuant to her initial screen, the Magistrate Judge recommended that the Court dismiss Plaintiff's federal causes of action for failure to state a claim.  The Magistrate Judge also recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(c)(3).

On May 6, 2011, Plaintiff filed her Objection to the Report and Recommendation. Although Plaintiff's exact objections are somewhat unclear, it appears that she is contending that she alleges sufficient facts, which the Court is required to accept as true, to state a claim for defamation.  She also maintains, in cursory fashion, that certain individual witnesses will support her invasion of privacy claim.

In this case, Plaintiff's Objection overlooks the actual conclusions of the Report and Recommendation. Specifically, the Magistrate Judge did not determine that Plaintiff failed to state claims for defamation and invasion of privacy.[1]  Rather, the Magistrate Judge found that Plaintiff's Complaint failed to state any federal causes of action.  The Magistrate Judge then recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's defamation and other state law claims.  Plaintiff has failed to raise any challenges as to the conclusions of the Report and Recommendation, and, therefore, has waived her right of review. *See Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).  Even assuming Plaintiff's objections are sufficient to entitle her to *de novo* review, the Court has examined Plaintiff's Complaint and agrees with and adopts the Magistrate Judge's findings and conclusions.

Accordingly, the Court **OVERRULES** Plaintiff's Objection (ECF No. 18) and **ADOPTS** the Report and Recommendation (ECF No. 17).  Plaintiff's federal causes of action are **DISMISSED** for failure to state a claim.  The Court **DECLINES**, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. These claims are, therefore, **DISMISSED** without prejudice.  The Court further **CERTIFIES** that any appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Finally, it has come to the Court's attention that Plaintiff has been filing actions in this Court under various alias.  On August 21, 2003, the Court issued an Order designating Plaintiff

---

[1] The Magistrate Judge did find that Plaintiff's invasion of privacy claim did not rise to the level of a constitutional claim.

as a vexatious litigant and requiring a Magistrate Judge to screen all of her future complaints to determine whether they stated a claim for relief.  *Selina R. Miller v. Ohio Board of Regents, et. al.*, Case No. C-01-550 (S.D. Ohio 2003) (ECF No. 26).  At this time, the Court clarifies, and cautions Plaintiff, that this Order applies to her future complaints regardless of whether she chooses to file under an alias.  Put another way, any documents Selina Miller files, under her name or any other, will be subject to screening and review by the presiding Magistrate Judge.

    **IT IS SO ORDERED.**

                                                  **s/Algenon L. Marbley**
                                                  **ALGENON L. MARBLEY**
                                                  **UNITED STATES DISTRICT COURT**

**DATED: July 8, 2011**